# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MAURICE HARDY,

            Petitioner,

      v.                                      Case No. 07-C-425

STEVE WATTERS,

            Respondent.

## RECOMMENDATION ON THE HABEAS CORPUS PETITION

Maurice Hardy ("Hardy"), is a incarcerated pursuant to a Wisconsin state court judgment and seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Under Rule 4 Rule of the Rules Governing Section 2254 Cases, this court must make a preliminary examination of the petition. If the court finds that "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in district court, the judge shall make an order for its summary dismissal." Rule 4, Rules Governing Section 2254 Cases.

Hardy filed an original petition on May 9, 2007 but failed to use this district's standard form for Section 2254 cases. The court permitted the Hardy to submit an amended petition using this district's standard form, which he did on June 11, 2007.

Hardy was convicted of second-degree sexual assault pursuant to a guilty plea on June 25, 1996 and was sentenced to prison. He completed his sentence in 2002 but remained in custody and was eventually committed as a sexually violent person pursuant to Chapter 980 of the Wisconsin

Statutes. Subsequently, Hardy has sought to withdraw his guilty plea that he entered in 1996. These subsequent motions have been denied by the state courts.

In the "Grounds for Relief" section of his petition, as "Ground One" Hardy states: "Do [sic] to the fact I took a DNA, and the state has lost the evidence to prove innocense." As "Supporting Facts" Hardy states: "Due to the fact DNA was the only evidence that I was innocent. In several attempts to ask the court for a new trial". Finally, where the form asks Hardy to state exactly what relief he is requesting, Hardy writes, "I am again seeking to reopen my case".

A writ of habeas corpus may be granted by a federal court to a person held in state custody only if the person is held "in custody in violation of the Constitution of laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Specifically, a federal court may not grant a petition for a writ of habeas corpus unless a petitioner demonstrates that he is being held in custody as a result of a "decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2).

Hardy does not present any argument as to how his continued custody is the result of a "decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(1)-(2), and therefore "it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief in district court," Rule 4 of the Rules Governing Section 2254 Cases. Thus, this court must recommend that the Hardy's petition be dismissed.

**IT IS THEREFORE RECOMMENDED** that the district judge randomly assigned to this case dismiss Hardy's petition.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C) and General Local Rule 72.3 (E.D. Wis.), whereby written objections to any recommendation herein or part thereof may be filed within ten days of service of this recommendation. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin this 3rd day of October, 2007.

s/AARON E. GOODSTEIN
U.S. Magistrate Judge